BARRY *v.* MISSOURI, K. & T. RY. Co. *et al.*

(*Circuit Court, S. D. New York.* September 28, 1888.)

RAILROAD COMPANIES—BONDS AND MORTGAGES—MISAPPLICATION OF EARN-
INGS—INJUNCTION.
     Where a railroad company has misapplied its earnings as against an income
     mortgage, and a decree allows the income bondholders to move for an injunc-
     tion against further misapplication, and the company relies on a bare denial
     of a charge of misapplication, giving no figures from which the condition of
     its business or the manner of disposing of its earnings can be determined, and
     giving no explanation of the shrinkage of its semi-annual net earnings from
     $1,449,463 to zero, an injunction will be allowed, though for a cause other
     than the particular one formerly had in view, and though the charge is in part
     on information and belief.

In Equity. Application for injunction.
*Davenport, Smith & Perkins,* for complainant.
*Dillon & Swayne,* for defendant.

LACOMBE, J. The injunction asked for by complainant is phrased in
the precise terms of the eighth clause of the decree of April 26, 1886.
That clause reads as follows:

"*Eighth.* And it is further ordered, adjudged, and decreed, that the com-
plainant be at liberty to make application to the court, that the Missouri,
Kansas & Texas Railway Company, its officers and agents, attorneys and
servants, be enjoined and restrained from applying any of its earnings de-
rived, or to be derived, from the railway and property described in the said
mortgage, dated April 1, 1876, to any purpose other than to the payment of
the operating expenses of the said railway, as described in the said mortgage,
and to the payment of the expenses for keeping in repair its said railway and
property, and to the payment of the interest on the several incumbrances
which are prior to the said mortgage of April 1, 1876, and which are therein
mentioned and described."

It is true that the particular misappropriation of earnings to which the
court's attention at that time was directed is not the same as that now
charged. There is nothing in that circumstance, however, which should
debar the complainant from making, as they do, *in ipsissimis verbis,* the
very motion which the decree contemplated. The allegations in com-
plainant's affidavit as to misapplication of earnings are denied in the
affidavit submitted by the defendant. That circumstance would, per-
haps, ordinarily be sufficient ground for refusing the injunction, or for
sending it to a master to find the facts; but in the case at bar other cir-
cumstances are entitled to consideration.

1. Although complainant's charge of misapplication is made in part
on information and belief, it could not well be otherwise; complainant
not being an officer of the company, nor personally familiar with its
transactions, nor having free access to its books.

2. The defendant heretofore did misapply its earnings, and in a manner
so plainly in violation of the trust created by the mortgage under which
the income bondholders hold that this court characterized the theory un-

der which the officers of the road acted as "preposterous." *Barry* v. *Railway Co.*, 27 Fed. Rep. 1.

3. The last semi-annual period as to which there is definite information before this court touching the amount of earnings is that ending October 1, 1886. The master has reported that the net surplus earnings of that period, even after paying $619,175, the interest on the earlier mortgages, on which defendant is now defaulting, was $830,288.38.

4. The secretary of the company, who makes the denial relied on, confines himself to a mere bald contradiction of the charge in complainant's affidavit. With the books at his command and abundant information in his possession, he does not give the figures even of a single month from which the condition of the company's business, and the manner in which its earnings are disposed of, could be determined, and does not suggest a single fact to account for the shrinkage of net earnings from $1,449,463.38 to zero.

5. The injunction, if granted in the terms prayed for, would only require the road and its officers to refrain from doing what this court has after full argument decided that they have no right to do.

These considerations seem controlling. Injunction as prayed for is granted.